IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.

FRITO-LAY, INC.,

        Defendant.

CIVIL ACTION NO.

C O M P L A I N T
JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Jhonny Toussaint ("Mr. Toussaint"), a Seventh-Day Adventist, who was terminated because of his religion. As alleged with greater particularity below, Defendant, Frito-Lay, Inc. ("Frito-Lay"), terminated Mr. Toussaint, a newly-promoted Route Sales Representative, because he could not train for the position on Saturdays due to his religious beliefs.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida West Palm Beach Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Frito-Lay has continuously been a Florida corporation doing business in the State of Florida and the City of West Palm Beach, and has continuously had at least 15 employees.

5. At all relevant times, Frito-Lay has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Mr. Toussaint filed an administrative charge with the Commission alleging violations of Title VII by Frito-Lay.

7. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination indicating that it found reasonable cause to believe that Frito-Lay discriminated against Mr. Toussaint in violation of Title VII because of Mr. Toussaint's religion.

8. Prior to the institution of this lawsuit, the Commission attempted to effect Frito-Lay's voluntary compliance with Title VII through informal methods of conciliation to remedy the practices found unlawful.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Frito-Lay is a subsidiary of PepsiCo that markets, manufactures and distributes corn chips, potato chips and other snack foods.

11. Mr. Toussaint is a practicing Seventh-Day Adventist.

12. On or about May 2018, Frito-Lay hired Mr. Toussaint as a warehouse employee at its West Palm Bach, Florida warehouse location.

13. In April 2019, Mr. Toussaint applied for and was rewarded a promotion to Route Sales Representative. He began his training for the role on or about April 15, 2019.

14. On or about April 20, 2019, Mr. Toussaint was baptized as a Seventh-Day Adventist. His baptism required him to abstain from secular work and business on Saturdays – his sabbath.

15. Subsequently, he informed Frito-Lay District Manager Richard Yoos that he had been baptized as a Seventh-Day Adventist and would not be able to work on Saturdays due to his religious beliefs. Similarly, on May 5, 2019, he completed and submitted to Human Resources the Company's religious accommodation request form, signed by his pastor, requesting all Saturdays off due to his religious beliefs.

16. In response to Mr. Toussaint's religious accommodation request, Yoos informed Mr. Toussaint that he (Yoos) would require Mr. Toussaint to train on Saturdays or would have him terminated.

17. On May 20, 2019, Frito-Lay denied Mr. Toussaint's religious accommodation request made to Human Resources. After denying Mr. Toussaint's request, Frito-Lay for the first time ever scheduled Mr. Toussaint to train on Saturdays although Mr. Toussaint had by that time

completed approximately five weeks of training in the Route Sales Representative role without ever having to train on Saturdays.

18. True to Yoos' word, Frito-Lay terminated Mr. Toussaint's employment after he failed to report to training on two consecutive Saturdays due to his religion—June 1 and June 8, 2019.

19. Frito-Lay's policy of requiring Route Sales Representatives to train on Saturdays regardless of their religious beliefs effectively precludes all persons of certain religious faiths from ever holding higher-level sales management positions within the Company.

20. Mr. Toussaint was harmed and suffered damages as a result of Frito-Lay's termination of his employment.

## STATEMENT OF CLAIMS

21. As set forth in paragraphs 10-20, Frito-Lay engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Mr. Toussaint's employment as a Route Sales Representative because of his religion.

22. The effect of the practices complained of in paragraphs 10-20 has been to deprive Mr. Toussaint of equal employment opportunities and otherwise adversely affect his status as a Frito-Lay Route Sales Representative, because of his religion.

23. The unlawful employment practices complained of in paragraphs 10-20 were intentional.

24. The unlawful employment practices complained of in paragraphs 10-20 above were done with malice or with reckless indifference to Mr. Toussaint's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Frito-Lay, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees on the basis of their religion.

B. Order Frito-Lay to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees with sincerely-held religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

C. Order Frito-Lay to institute a training program for all human resources personnel and hiring officials to ensure compliance with federal laws and company policies on nondiscrimination in employment decisions.

D. Order Frito-Lay to make whole Mr. Toussaint by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of the unlawful employment practices including, but not limited to, reinstatement of Mr. Toussaint or front pay in lieu thereof.

E. Order Frito-Lay to make Mr. Toussaint whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 10-20 including, but not limited to, job search expenses, medical-related expenses, and other out-of-pocket losses in amounts to be determined at trial.

F. Order Frito-Lay to make Mr. Toussaint whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-20 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Frito-Lay to pay Mr. Toussaint punitive damages for its malicious and reckless conduct, as described in paragraphs 10-20 above, in amounts to be determined at trial.

      H      Grant such further relief as the Court deems necessary and proper in the public interest.

      I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  September 17, 2020.

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION

                SHARON FAST GUSTAFSON
                General Counsel

                ROBERT CANINO
                Acting Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel
                131 M Street, N.E.
                Washington, DC 20507

                ROBERT E. WEISBERG
                Regional Attorney
                Florida Bar No. 285676

                KRISTEN FOSLID
                Supervisory Trial Attorney
                Florida Bar No:  688681

                Equal Employment Opportunity Commission
                Miami District Office
                Miami Tower
                100 S.E. 2nd Street, Suite 1500
                Miami, Florida 33131
                Tel: 786-648-5835
                Kristen.Foslid@eeoc.gov

                */s/* Oshia Gainer Banks
                OSHIA GAINER BANKS
                TRIAL COUNSEL
                Lead Trial Attorney for Plaintiff, EEOC

Florida Bar No. 037022
U.S. Equal Employment Opportunity
Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (786) 648-5861
Oshia.Banks@eeoc.gov