IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

        v.

FRITO-LAY, INC.,

        Defendant.

Case No. 9:20-cv-81689

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission ("Commission" or the "EEOC"), and Frito-Lay, Inc. ("Frito-Lay") (together referred to as "the Parties").

## INTRODUCTION

1.    The EEOC commenced this action on September 17, 2020, under Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Jhonny Toussaint ("Mr. Toussaint"), a Seventh-day Adventist, who was terminated from his employment because of his religion.

2.  Frito-Lay denies the allegations in the Complaint and denies that it violated Title VII.

3.  In the interest of resolving this matter, to avoid further costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, and their respective successors and assigns.

4.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5.  This Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. Frito-Lay, Inc.*, Case No. 9:20-cv-81689 (S.D. Fla.), and the underlying EEOC charge of discrimination, Charge No. 510-2019-05034.

6.  This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7.  If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8.  This Decree does not resolve any charges of discrimination that may be pending with the Commission against Frito-Lay other than the Charge referred to in paragraph 5. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against Frito-Lay in accordance with standard

EEOC procedures.

9. Nothing in this Decree shall be construed to limit or reduce Frito-Lay's obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, as amended, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f.

10. Nothing in this Decree shall be construed to limit or reduce Frito-Lay's ability to assert its legal defenses to claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, as amended, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f.

## **FINDINGS**

11. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties;

   b. The Court will retain jurisdiction for the duration of this Decree;

   c. No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

   d. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of Mr. Toussaint and the public interest are adequately protected by this Decree; and

   e. The terms of this Decree are and shall be binding upon the present and

future representatives, agents, directors, officers, successors, heirs and assigns of Frito-Lay.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**DURATION OF DECREE**

12. This Decree shall be in effect for a period of three years from the Effective Date. The Effective Date is defined as the date on which the Court gives final approval to the Decree by entering it on the Court docket.

13. This Decree will not expire while any enforcement action concerning this Decree is pending. The duration of this Decree shall be extended by any time period required for the resolution of any enforcement action.

**MONETARY RELIEF**

14. Frito-Lay shall pay Mr. Toussaint the total sum of $50,000.00 in settlement of the claims raised in this action as follows:

| **Back Pay/Front Pay** [for which an IRS Form W-2 shall issue] | **Compensatory Damages** [for which an IRS Form 1099 shall issue] |
|---|---|
| **$8,242.18** | **$41,757.82** |

15. Payment shall be made within twenty (20) calendar days following the Court's approval of this Decree.

16. Checks shall be made payable as follows: (1) the wage portion identified above will be in a check payable to Jhonny Toussaint, with the deductions and withholdings required by law and based on a W-4 to be executed by Mr. Toussaint and provided to Frito-Lay before any monies are due; and (2) the non-economic damages will be paid in a check payable to Jhonny Toussaint without deductions or withholdings. All checks will be delivered via hand-delivery or certified

mail to Jhonny Toussaint, 902 SW General Patton Terrace, Port Saint Lucie, FL 34953. Mr. Toussaint will provide duly-signed IRS Forms W-4 and W-9 on or before the date the Court approves this Decree. Copies of the checks shall be contemporaneously sent to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Frito-Lay Consent Decree," at United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131, and via e-mail at mdoconsentdecreecompliance@eeoc.gov.

17. If Mr. Toussaint fails to timely receive the payments described in paragraphs 14-15 above due to a failure on the part of Frito-Lay to properly transmit same, then Frito-Lay shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non- compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

## GENERAL INJUNCTIVE PROVISIONS

18. Frito-Lay, and all of its officers, managers, supervisors, employees, agents, partners, successors, and assigns, shall accommodate the religious beliefs or practices of its applicants and employees, including, but not limited to, practices prohibiting working on their Sabbath, unless providing such accommodation would cause undue hardship.

## POLICIES REGARDING WORK SCHEDULES

19. Within sixty (60) calendar days of the Effective Date, Frito-Lay shall amend any policies which require applicants or employees to work on specific dates to expressly state the following: "Frito-Lay does not discriminate on the basis of religion and will accommodate an applicant's or employee's religious beliefs and practices unless to do so would cause an undue hardship. Frito-Lay encourages applicants and employees who desire an accommodation to submit

a request to Human Resources."

## **ANTI-RELIGIOUS DISCRIMINATION POLICY**

20. Frito-Lay shall utilize anti-religious discrimination employment policies (the "Policy") at all Florida locations during the duration of the Consent Decree which include the following provisions:

    a. Frito-Lay will describe in detail the process and method for an applicant or employee to request an accommodation;

    b. Frito-Lay will not make hiring, promotion, retention, or termination decisions on the basis of an individual's religious practices or beliefs, nor stereotypes and assumptions relating to such religious practices or beliefs;

    c. Where necessary to determine the appropriate reasonable accommodation, Frito-Lay will initiate an interactive process with the applicant or employee requesting an accommodation;

    d. To the extent that Frito-Lay denies a request for an accommodation to an applicant or an employee, Frito-Lay will provide a written explanation setting forth the reasons for the denial to the requesting individual;

    e. Complaints of discrimination based on religion and/or failure to accommodate may be made to any Frito-Lay Manager, directly to human resources personnel or through the Speak UP line, as indicated in the PepsiCo employee portal;

    f. Applicants and employees who make such complaints or provide information related to such complaints will be protected against retaliation;

    g. Applicants and employees will not be required to complain of religious discrimination/failure to accommodate directly to the individual that is engaged in the discriminatory behavior; and

    h. Frito-Lay will protect the confidentiality of such complainants to the extent possible and will promptly and thoroughly investigate all complaints.

21. Frito-Lay will take immediate and appropriate corrective action when it determines that religion-based discrimination or a failure to accommodate a religious practice or belief has

occurred. Frito-Lay will designate a PepsiCo regional employee with knowledge of Title VII and the policies described herein as the Religious Accommodations Decisionmaker to review and approve all requests for religious accommodations in Florida.

22. Within ten (10) calendar days following the Court's approval of the Consent Decree, the Policy shall be provided to EEOC.

23. Within thirty (30) calendar days following the Court's approval of the Decree, the Policy shall be included in any relevant employee handbook or manual maintained by Frito-Lay and shall be electronically distributed, or otherwise made known and available via the Company website, to all employees of Frito-Lay.

## TRAINING

24. **Management Training.** Frito-Lay shall provide all of its Human Resources personnel, Sales District Leaders, and all other Managers or Directors employed at locations in Florida with one (1) hour of live training, annually, during the term of this Decree (the "Management Training") for a total of three (3) trainings. To the extent necessary due to the on-going coronavirus pandemic, the first training may be delivered via zoom or a similar platform, provided that the trainer and all participants have videos turned on and are all visible. Frito-Lay agrees that all management and Human Resources personnel shall attend live, absent circumstances outside of the control of Frito-Lay. In said circumstances, a video recording of the live training will be made available and the manager and/or Human Resources personnel shall acknowledge completion of the training.

25. The first Management Training shall take place no later than April 30, 2021. The remainder of the Management Training sessions shall take place annually and no later than September 30 of each year throughout the duration of the Decree.

26. The Management Training shall include the following: (1) an explanation of the prohibitions against discrimination on the basis of religion; (2) an explanation of the rights and responsibilities of managers and employees under Frito-Lay's anti-religious discrimination policies and procedures; (3) an explanation of religious stereotyping and unlawful religious-related assumptions about persons that managers should avoid when dealing with applicants and employees; (4) instructions on how to respond to and assess a request for a reasonable accommodation, including information regarding the interactive process; (5) guidance on how to address a concern about an applicant's or employee's ability to perform the job due to religious practices-related concerns; (6) examples of implicit bias against applicants and employees on the basis of religion; (7) guidelines and procedures for good workplace investigations; and (8) examples and instructions on reasonable accommodations for applicants or employees with religious practices and beliefs. These training sessions can also cover requirements related to prohibiting and addressing other types of discrimination, including the accommodation process required under the Americans with Disabilities Act.

27. The Management Training shall be conducted by a Subject Matter Expert mutually agreed upon with the EEOC.

28. At least two (2) weeks before the Management Training, Frito-Lay shall provide the following to EEOC in writing:

    a. the dates on which training is scheduled;

    b. the name and job title of the person(s) from the agreed upon organization who will conduct the training;

    c. a resume/CV of the person conducting the training; and

    d. all copies of pamphlets, brochures, outlines, PowerPoint or similar presentations or other written materials provided to the participants of the training sessions.

29. Additionally, Frito-Lay agrees that the EEOC may, at the EEOC's discretion, attend any training session held pursuant to this Decree.

30. Fourteen (14) calendar days after the Management Training, Frito-Lay shall provide the EEOC a list of all attendees to the Management Training, including first and last name, and title.

31. **Employee Training**. Employees will complete PepsiCo's annual Code of Conduct training which covers anti-harassment and non-discrimination policies, including prohibitions on discrimination based on religious beliefs or practices. The Code of Conduct training refers employees to human resources if they have questions concerning accommodations. Employees shall be provided the following information in their employee handbook and/or PepsiCo employee portal: (1) an explanation of the prohibitions against discrimination on the basis of religion; (2) an explanation of the rights of employees under Frito-Lay's anti-religious discrimination policies and procedures; and (3) instructions on how to request a reasonable accommodation.

## DISTRIBUTION OF NOTICE

32. Within ten (10) calendar days from the Court's approval of this Decree, the West Palm Beach, Florida locations, Frito-Lay shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit A to this Decree in a conspicuous location, easily accessible to and commonly frequented by Frito-Lay employees (*i.e.*, employee bulletin board). The Notice shall remain posted for the entire period this Decree is effective. Frito-Lay shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

33. At the first reporting period, described below in paragraph 34, Frito-Lay shall certify to the EEOC in writing that the Notice has been properly physically posted as described in

this section, and Frito-Lay must also take a photograph of the Notice and its posted location. Frito-Lay shall email the certification of the Notice's posting and photographs to mdoconsentdecreecompliance@eeoc.gov with the subject line: Frito-Lay Consent Decree.

## REPORTING

34. Frito-Lay shall furnish to EEOC a written Report every six (6) months for the duration of this Decree. The first report shall be due six (6) months after entry of the Decree, and thereafter by June 30th and December 30th annually. Each such Report shall contain the following:

   a. A certification that Frito-Lay conducted all training required in paragraphs 24-31 above, including the dates of the training, and the start times and end times of each training session; and

   b. A certification that Frito-Lay has made and/or maintained the posting and distributions required in paragraphs 32-33 above.

   c. Frito-Lay shall disclose all requests for accommodations on the basis of religion that it has received from applicants or employees at any of its Florida locations. Reports about requests for religious accommodations shall include: (1) employee/applicant's name; (2) employee/applicant's religion; (3) location where the employee/applicant works/applied and position held/sought; (4) employee's supervisor(s), interviewers, and/or decisionmakers; (5) summary of employee/applicant's religious practice or belief for which he/she requested an accommodation; and (6) a summary of the interactive-process ensued and resolution, including the accommodation provided, if any. In the event there are no requests for an accommodation on the basis of religion, Frito-Lay shall send the EEOC a "negative" report indicating no request for accommodation activity.

## COMPLIANCE

35. The EEOC may review compliance with this Decree at any time during its duration.

36. If at any time during the duration of this Decree the EEOC believes that Frito-Lay is in violation of this Decree, the EEOC may conduct appropriate interviews of Frito-Lay

10

employees and request documents from Frito-Lay. After the interviews, the EEOC shall give notice of any alleged violation(s) to Frito-Lay. Thereafter, the parties shall follow the Dispute Resolution Procedure set forth in paragraphs 39-41 below.

37. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be emailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Frito-Lay Consent Decree," at mdoconsentdecreecompliance@eeoc.gov.

## **NOTIFICATION OF SUCCESSORS**

38. Frito-Lay shall provide prior written notice to any potential purchaser of its business and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

## **DISPUTE RESOLUTION**

39. In the event EEOC believes that Frito-Lay has failed to comply with any provision(s) of the Decree, EEOC will notify Frito-Lay and Frito-Lay must make a good faith attempt to cure any breach of the Decree within ten (10) calendar days of notification. The Parties may jointly agree to extend the ten (10) day cure period. The ten (10) days to cure provision of this paragraph shall not apply, however, to the payment required by paragraph 13 above.

40. Following the ten (10) day cure period, EEOC shall have the right to enforce the Decree and/or remedy any breach in this Court.

41. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's authority to bring an action to enforce the terms of the Decree in this Court.

## **COSTS**

42. Each party to this Decree shall bear its own costs associated with this litigation.

43. If the Court finds that Frito-Lay has breached the terms of this Decree, Frito-Lay shall bear all costs incurred by EEOC caused by Frito-Lay's non-compliance with the Decree, including any and all costs arising out of EEOC's efforts to enforce the Decree and/or remedy any breach in Court.

SO ORDERED, ADJUDGED AND DECREED, this _____ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____  Date: 2/3/2021
Robert E. Weisberg
U.S. Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835

FOR DEFENDANT, FRITO-LAY, INC.

By: *Michele R. Thatcher*  Date: 2/3/2021

Title: SVP, Chief Counsel, Global Human Resources

**EXHIBIT A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

1. This NOTICE to all employees of FRITO-LAY, INC. ("Frito-Lay") is being posted and provided as part of a mutually agreed upon Consent Decree between Frito-Lay and the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") in Civil Action No. 9:20-cv-81689 (S.D. Fla.), which alleged that Frito-Lay discriminated against an employee on the basis of his religion. While Frito-Lay has denied the allegations, as part of the resolution of this matter, Frito-Lay has agreed to post this Notice to reflect its commitment to equal employment opportunities in the workplace.

2. Frito-Lay's policy and federal law require that there be no discrimination against any employee or applicant for employment on the basis of religion, or because a person made a complaint of discrimination because of religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions, or privileges of employment.

3. Frito-Lay will comply with such federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under federal law.

4. The EEOC is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation. The EEOC maintains offices throughout the United States and can be contacted at 1-800-669-4000 and www.eeoc.gov.

5. This NOTICE will remain posted for THREE YEARS FROM DATE OF SIGNATURE. This Notice must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Robert E. Weisberg, Regional Attorney, Re: Aspire Consent Decree at U.S. Equal Employment Opportunity Commission 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and robert.weisberg@eeoc.gov.

SIGNED this _____ day of _____, 2021.

_____
Zone Sales Director of Frito-Lay, Inc.

***DO NOT REMOVE THIS NOTICE UNTIL THREE YEARS FROM DATE OF SIGNATURE***